UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTIAN ALBERTO BECERRA-
FERNANDEZ,

                    Petitioner,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.

,_____/

Case No. 1:26-cv-1258

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following a December 18, 2025, order issued by the Detroit Immigration Court denying his bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk. (Pet., ECF No. 1, PageID.7.)

In an order entered on April 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondents filed their response on April 27, 2026, (ECF No. 5), and a recording of the December 18, 2025, bond hearing on April 27, 2026. (Recording of Dec. 18, 2025, Bond Hearing, filed on Apr. 27, 2026.) Petitioner filed his reply on April 30, 2026, (ECF No. 6).

## II.     Relevant Factual Background

Petitioner is a native and citizen of the Venezuela who entered the United States in 2023. (Pet., ECF No. 1, PageID.4; Resp., ECF No. 5, PageID.15.) On July 30, 2025, ICE arrested and detained Petitioner while at an immigration court hearing. (*Id.*)

On November 16, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Becerra-Fernandez v. Lynch* (*Becerra-Fernandez I*), No. 1:25-cv-1464 (W.D. Mich.). In *Becerra-Fernandez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Becerra-Fernandez I*, (W.D. Mich. Dec. 12, 2025), (ECF Nos. 7, 8.).

On December 18, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4; Bond Order, ECF No. 5-1, PageID.26.) During the hearing, the government argued that Petitioner failed to meet his burden to prove that he is not a flight risk. (Recording of Dec. 18, 2025, Bond Hearing, filed on Apr. 27, 2026, 04:28–05:24.) In denying Petitioner's request for bond, the immigration judge explained, "there was not a lot of evidence presented of community ties," or "strong family ties in the United States," and no evidence of employment records" or "that [Petitioner] paid taxes." (*Id.*, 05:25–05:58.) The immigration judge then entered a written order denying Petitioner's request for bond, stating:

Denied because[:]

flight risk.

(Bond Order, ECF No. 5-1, PageID.26.)

On March 10, 2026, the Detroit Immigration Court ordered Petitioner to be removed to Venezuela. (Removal Order, ECF No. 5-3, PageID.34.) Petitioner filed his appeal with the Board of Immigration Appeals (BIA), which remains pending. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "A-Number" 245304160; enter "Nationality," Venezuela, select "Submit") (last accessed June 8, 2026).

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12,

2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

### Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      June 8, 2026                              /s/ Jane M. Beckering
                                                      Jane M. Beckering
                                                      United States District Judge

4